**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                          Case No. 3:05-cr-6-J-32TEM

TIMOTHY A. MILLIKEN

**ORDER**

This case is before the Court on Defendant Timothy J. Milliken's Objections (Doc. 105) to the Magistrate Judge's Report and Recommendation (Doc. 104) concerning whether the Court should order that defendant be involuntarily administered antipsychotic medication under Sell v. United States, 539 U.S. 166 (2003), to restore defendant's competency for trial.  Defendant objects to the Report and Recommendation on the following two grounds: (1) the Magistrate Judge erred in determining that an administrative hearing under 28 C.F.R. § 549.43 was unnecessary and (2) the Magistrate Judge erred in determining that the involuntary administration of antipsychotic medication was proper under Sell.  In light of the objection, the undersigned, pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1), undertakes an independent de novo review of the government's request that defendant be administered antipsychotic medications.  The undersigned held a hearing on defendant's objections on September 7, 2006.  (Doc. 108).

The undersigned need not recapitulate the facts as the Magistrate Judge's Report and Recommendation thoroughly details them.  Presenting a novel question

of law in the Eleventh Circuit, the threshold issue is whether the administrative hearing set forth in 28 C.F.R. § 549.43 is no longer required in light of the Supreme Court's holding in Sell. It is undisputed that no administrative hearing has occurred in this case. The Magistrate Judge adopts the Bureau of Prisons' ("BOP") position that when the situation presented involves attempting to restore a non-dangerous[1] pre-trial detainee to competency for trial, as here, Sell renders an administrative proceeding in the prison facility unnecessary. The Magistrate Judge further opines that an evidentiary hearing in a district court held pursuant to Sell affords a defendant more due process protection than would an administrative hearing performed at the prison facility.

28 C.F.R. § 549.43 (the regulation applicable to the involuntary administration of psychiatric treatment and medication) provides, in pertinent part, "in order to administer treatment or psychotropic medication on an involuntary basis, further administrative due process procedures, as specified in this section, must be provided to the inmate." Among the procedural protections afforded are: (1) the prison staff must provide the inmate with 24-hour advance written notice of the date, time, place, and purpose of the hearing; (2) the staff shall inform the inmate of the right to appear, have a staff representative assigned to him or her, present witnesses and request that

---

[1] "Non-dangerous" in this context refers to an inmate who is not dangerous to himself or others in the prison setting. Doctors Robert Sarrazin and Lea Ann Preston stated during the September 7, 2006 hearing (and had testified previously) that defendant is functioning adequately in the general prison population and is currently not a danger to himself or others.

witnesses be questioned by the staff representative or the hearing officer; (3) the hearing is to be conducted by a psychiatrist not currently involved in the diagnosis or treatment of the patient; (4) the treating psychiatrist must be present at the hearing and present clinical data and background information relative to the need for medication; (5) the conducting psychiatrist shall determine whether treatment or medication is necessary to make the inmate competent to stand trial and (6) the inmate shall be provided the report of the hearing and informed that he or she may appeal to the institutional mental health division administrator regarding that decision within 24 hours and that the administrator must review the decision within 24 hours of the appeal.  28 C.F.R. § 549.43(a)(1)-(6).

The Fifth Circuit, in United States v. White, 431 F.3d 431 (5th Cir. 2005), is the only Circuit to address the effect of the Supreme Court's Sell decision on this BOP regulation.  In White, the defendant was indicted for assault, brandishing a rifle during the assault and being a felon in possession of a firearm.  431 F.3d at 432.  After the defendant was declared incompetent to stand trial, he was committed to the custody of the Attorney General and the government moved the district court to have him involuntarily medicated because he was (1) dangerous to himself and others and (2) medication was necessary to render him competent to stand trial.  Id.  Without the inmate being afforded the hearing provided for in 28 C.F.R. § 549.43(a), the district court held involuntary medication was warranted on both accounts.  Id.

In remanding the case to the district court with instructions to order an

administrative hearing under § 549.43, the Fifth Circuit held:

> [T]he government made an end run around the regulatory scheme laid out in § 549.43 and sought an order directly from the district court authorizing involuntary medication.... The government advances no extraordinary circumstances to excuse its failure to exhaust the administrative procedure in § 549.43. In fact, the government advances no reason at all to justify its failure to follow the prescribed procedure. Moreover, in disregarding the administrative procedure required by § 549.43, the government ignores the unequivocal, mandatory language of the regulation that is specifically tailored to protect the inmate's due process rights. In light of the existing administrative procedure and the government's failure to provide any explanation whatsoever for bypassing that process, it was error for the district court to make the initial determination to medicate White involuntarily.

Id. at 534. The Court further stated that the statement in Sell that the decision to involuntarily administer medication involves "quintessentially legal questions of trial fairness and competence" does not mean the Supreme Court implicitly overturned its prior precedent, Washington v. Harper, 494 U.S. 210 (1990)[2], and the required administrative scheme in § 549.43. Id. at 535 (quoting Sell, 539 U.S. at 182). The White Court, reasoning that the Sell opinion solely addressed the inmate's substantive right to be free from unwanted medication and not the procedural mechanisms through which that right is analyzed, stated, "[w]e seriously doubt that the [Supreme] Court would thus eviscerate an entire regulatory scheme designed to protect an

---

[2] In Harper, the sole issue was whether a state of Washington administrative procedure for determining whether to involuntarily medicate satisfied due process, or whether a judicial process was required. 494 U.S. at 228. The Supreme Court held that the administrative hearing procedures set forth in the policy at issue comported with procedural due process; thus, a judicial hearing as a prerequisite for involuntary treatment of an inmate was unnecessary. Id.

-4-

inmate's due process rights by implication." Id.

After White, at least one district court has considered this issue. See United States v. Gonzalez-Aguilar, -- F. Supp. 2d --, 2006 WL 2501438 (D. Ariz. July 13, 2006). The Gonzalez-Aguilar court, similar to White, took issue with the BOP's interpretation that Sell overruled Harper and that the § 549.43 hearing is no longer necessary. See id. at *7-8.

Here, this Court finds itself in an unusual position. The BOP contends that Sell renders unnecessary the administrative procedure set forth in § 549.43, yet the BOP regulations effective July 1, 2006 (three years post-Sell) codify that same regulation, which unequivocally requires the administrative process. Furthermore, the United States Attorney pointedly took no position on this issue during the September 7, 2006 hearing before the undersigned. Thus the United States Attorney, part of the Department of Justice, has declined to support the BOP (another arm of the Department of Justice) in its position on this issue.

The Magistrate Judge, who issued the extraordinarily thorough and detailed Report and Recommendation, makes the cogent point that a district court can afford an inmate the procedural protections called for in Harper, as well as dutifully follow Sell. Moreover, the Sell decision, in setting forth the required four part substantive due process analysis, speaks in terms of "a court" making the findings (e.g., "a court must find that the important governmental interests are at stake"). 539 U.S. at 180-182. While a reasonable interpretation of this language in Sell is that it somewhat

limits Harper and ultimately requires the availability of court review of the administrative process, nothing in Sell pronounces or intimates that the § 549.43 hearing is no longer required.[3]  Indeed, it is not uncommon that available administrative review of an issue be exhausted before a court will take up the matter. This Court, like the Fifth Circuit in White, finds that the § 549.43 process must be followed in the first instance before the issue is brought to federal Court.[4] [5]

---

[3] It is noteworthy that at least one other district court has attributed the references to a "court" in the Sell decision to mean only that the lower federal courts in that case had made the relevant substantive due process findings, and that those references were not meant as a broad statement as to the allowable scope of the administrative procedures. See United States v. Barajas-Torres, 2004 WL 1598914, *1 n. 2 (W.D. Tex.).

[4] Notably, the defendant in Sell actually went through the administrative process before seeking relief in federal court.  539 U.S. at 171-172.

[5] The Magistrate Judge also cited the mechanism of appeal from the § 549.43 hearing as a reason why no such hearing was required before this Court addressed the matter.  (See n. 5 of R&R).  Specifically, the Magistrate Judge opines that any appeal to a federal district court from the BOP determination must be made within 24 hours and to the district court in which the prison is located as provided by 5 U.S.C. § 702 (Administrative Procedures Act).  28 C.F.R. § 549.43(a)(6) provides that the inmate has 24 hours to appeal the initial decision to the institution mental health administrator, not that the 24 hour appeal must be made to the district court in which the prison is located.  Further, 5 U.S.C. §§ 702 and 703 provide that the mechanism for challenging an administrative determination (such as that to be made by the BOP here) is either that provided by statute, or in the absence thereof, "any applicable form of legal action...in a court of competent jurisdiction."  The parties point to no provision within or without 18 U.S.C. § 4241 - 4247 (and the Court otherwise finds none) governing the jurisdiction of any such action in this context.  Thus, because a district court is a court of competent jurisdiction under 5 U.S.C. § 703, see International Brotherhood of Teamsters v. Pena, 17 F.3d 1478, 1481 (C.A.D.C. 1994), and this Court has a substantial relationship to the events in this case (i.e., the prosecution is pending here), any challenge to the required administrative determination in this case may be brought in this Court and within this same case.

Accordingly, it is hereby **ORDERED**:

1.      Defendant's Objections to Report and Recommendation (Doc. 105) are **GRANTED IN PART** consistent with this opinion.  Based on the Court's decision, the remaining objections (contained in part II.) are not yet ripe for review.

2.      This case is **REMANDED** to the appropriate Bureau of Prisons personnel at the United States Medical Center for Federal Prisoners in Springfield, Missouri, who are ordered to conduct the required administrative hearing pursuant to 28 C.F.R. § 549.43.  The report from that proceeding (including the report of any appeal to the institution mental health division administrator) shall be filed with the Court by no later than **Thursday, November 9, 2006.**  The Court will then conduct a video conference hearing on **Friday, November 17, 2006 at 11:00 a.m. (10:00 a.m. Missouri time)**, in Courtroom 13A, Thirteenth Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida, to hear any objections to the report and to otherwise determine how to proceed.  The defendant shall appear at this hearing via the video-conferencing medium from the United States Medical Center for Federal Prisoners, Springfield, Missouri.  Counsel for the defendant and counsel for the United States shall attend the hearing in Courtroom 13A.  The Court requests the United States Medical Center for Federal Prisoners to produce Timothy Milliken (Reg. No. 56494-019) in the videoconferencing room at that facility on the date and time of the

scheduled hearing.[6]  Doctors Lea Ann Preston and Robert Sarrazin should also appear at the hearing via video conference.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of October, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

t
Copies:

Honorable Thomas E. Morris, United States Magistrate Judge

Asst. U.S. Attorney (Henry)
Ross Haine, Esq.
Linda Wade, Systems
Wayne Pullum, Systems

Janet Dixon, Videotelephone Coordinator
USMCFP
1900 West Sunshine Street
Springfield, Missouri 65807

Lea Ann Preston, Psychologist
USMCFP
1900 West Sunshine Street
Springfield, Missouri 65807

Robert Sarrazin, Psychiatrist
USMCFP
1900 West Sunshine Street
Springfield, Missouri 65807

---

[6]  At the September 7, 2006 hearing, defendant refused to attend and the Court declined to order him forcibly brought to the hearing.  While BOP officials should strongly encourage defendant to attend the November 17, 2006 hearing, they should not force him to do so.