**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                                         Case No. 3:05-cr-6-J-32TEM

TIMOTHY A. MILLIKEN

### ORDER

This case is before the Court on Defendant Timothy J. Milliken's Objections (Doc. 105) to the Magistrate Judge's Report and Recommendation (Doc. 104) concerning whether the Court should order that defendant be involuntarily administered antipsychotic medication under Sell v. United States, 539 U.S. 166 (2003), to restore his competency for trial.  Defendant objected to the Report and Recommendation on the following two grounds: (1) the Magistrate Judge erred in determining that an administrative hearing under 28 C.F.R. § 549.43 was unnecessary and (2) the Magistrate Judge erred in determining that the involuntary administration of antipsychotic medication was proper under Sell.  On October 13, 2006, the Court remanded the case (based on the first objection) to the Bureau of Prisons for the required administrative process under 28 C.F.R. § 549.43 to determine whether the involuntary administration of antipsychotic medications was necessary to render defendant competent to stand trial.  (Doc. 109).

On October 31, 2006, Dr. Carlos Tomelleri (psychiatrist) conducted the § 549.43 hearing.  On November 7, 2006, Dr. Tomelleri faxed his report to the

undersigned (Doc. 110), opining that involuntary medication was not approved because defendant was not a danger to himself or others within the prison setting. On November 17, 2006, the undersigned held a video-conference hearing at which doctors Lee Ann Preston and Robert Sarrazin appeared; defendant refused to attend and was not forcibly made to do so.  Upon reading Dr. Tomelleri's report and hearing from doctors Preston and Sarrazin at the hearing, it became clear that the BOP had not complied with this Court's October 13, 2006 Order (Doc. 109) as Dr. Tomelleri had not specifically evaluated defendant to determine whether the involuntary administration of antipsychotic medications was necessary to render defendant competent to stand trial.[1]

On November 17, 2006, the Court entered an Order remanding the case again to the BOP to fully comply with this Court's prior Order.  (Doc. 112).  On November 30, 2006, Dr. Tomelleri faxed a second report to the undersigned again indicating that the involuntary administration of antipsychotic drugs was not indicated "under current Bureau of Prisons guidelines" because defendant was not dangerous to himself or others within the prison setting.  (Doc. 113).[2]  Dr. Tomelleri, however, also states that "treatment with psychiatric medication would have a substantial probability of improving his mental condition to the point of restoring his ability to proceed with his legal case...[and that]...[n]o other interventions such as psychotherapy or minor

---

[1]  Dr. Tomelleri was unable to attend the November 17, 2006 hearing.

[2]  A position this Court does not understand in view of § 549.43 (the BOP's own regulation) and the Supreme Court's decision in Sell.

tranquilizers would address the fundamental psychiatric disturbance from which the incompetence originates." (Id.).  Defendant did not file an administrative appeal. During the December 21, 2006 hearing before this Court, Dr. Tomelleri confirmed this diagnosis, with which doctors Preston and Sarrazin agree.[3]

This case is now ripe for a decision on defendant's remaining Objections (Doc. 105) to the Magistrate Judge's Report and Recommendation (Doc. 104) finding that defendant should be involuntarily medicated to restore his competency to stand trial. Upon an independent de novo review of the record and applicable law (discussed in the Report and Recommendation and this Court's October 13, 2006 Order (Doc. 109)) and consideration of the additional reports of Dr. Tomelleri, the undersigned **ADOPTS** the remainder of the Magistrate Judge's thorough and well-reasoned Report and Recommendation as the opinion of this Court.  Defendant's remaining objections to the Report and Recommendation are **OVERRULED**.  Therefore, it is **ORDERED**:

1. The defendant will be administered antipsychotic medications as follows: The BOP is ordered to offer the medication voluntarily for ten (10) days before beginning to involuntarily administer the medication to defendant under an established and medically appropriate regimen.  Thereafter, the BOP must offer the defendant the opportunity to take the medication voluntarily each time before involuntarily administering it.

---

[3] Unlike the earlier hearings, defendant chose to appear at the December 21, 2006 hearing and spoke on his own behalf as well as through counsel.

2.      During the December 21, 2006 hearing, Dr. Preston opined that it could take up to eight months to restore defendant to competency to stand trial.  To monitor the progress of the treatment, this case is **SET** for a video-conference status hearing on **Tuesday, May 22, 2007 at 4:00 p.m. (3:00 p.m. Missouri time)** in Courtroom 13A, Thirteenth Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida.  By **Tuesday May 15, 2007**, either Dr. Preston or Dr. Sarrazin **MUST** file a report with this Court outlining the course of treatment to date, defendant's response thereto and a prognosis.

3.      The defendant shall appear at this hearing via the video-conferencing medium from the United States Medical Center for Federal Prisoners, Springfield, Missouri.  Counsel for the defendant and counsel for the United States shall attend the hearing in Courtroom 13A.  The Court requests the United States Medical Center for Federal Prisoners to produce Timothy Milliken (Reg. No. 56494-019) in the videoconferencing room at that facility on the date and time of the scheduled hearing.[4]  Doctors Preston and Sarrazin should also appear at the hearing via video conference.  A BOP attorney <u>must</u> also attend the video-conference hearing.

---

[4] Defendant voluntarily attended the December 21, 2006 hearing.  Defendant refused to attend the September 7, 2006 and November 17, 2006, hearings and the Court declined to order him forcibly brought to those hearings.  While BOP officials should strongly encourage defendant to attend the May 22, 2007 hearing, they should not force him to do so.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of January, 2007.

_____
TIMOTHY J. CORRIGAN
United States District Judge

t
Copies:

Honorable Thomas E. Morris, United States Magistrate Judge

Asst. U.S. Attorney (Henry)
Ross Haine, Esq.
Linda Wade, Systems
Wayne Pullum, Systems

Janet Dixon, Videotelephone Coordinator
USMCFP
1900 West Sunshine Street
Springfield, Missouri 65807

Lea Ann Preston, Psychologist
USMCFP
1900 West Sunshine Street
Springfield, Missouri 65807

Robert Sarrazin, Psychiatrist
USMCFP
1900 West Sunshine Street
Springfield, Missouri 65807